UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2010 OCT -7 P 3: 33

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| ALABAMA EDUCATION ASSOCIATION, INC., LaRUE L. LANGFORD, WILLIAM A. BURGERON, GENESIS N. GORDON, and a class of similarly situated Teachers and other Educational Personnel employed in the K-12 Public School Systems of Alabama. | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO.: $2:10-cv-849$ |
| JOSEPH B. MORTON, in his official capacity as State Superintendent of Education and BOB RILEY, in his official capacity as Governor of Alabama. | ) ) ) ) ) | |
| Defendants. | ) | |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Nature Of The Action

1.      This action is brought for declaratory and injunctive relief under Rules 23

and 57 of the Federal Rules of Civil Procedure, 28 U.S.C. § 2201 by Alabama Education

Association and a class of teachers and other public education personnel in Alabama who

are the intended beneficiaries of Public Law No. 111-226 (August 10, 2010), Title I,

Education Jobs Fund.  Plaintiffs seek a declaration of their rights and injunctive relief

requiring Defendants to comply with the statute and its promulgated guidelines which

specifically mandate that states awarded Education Jobs Funds expend them only for

compensation and benefits and other expenses necessary to retain existing employees or

recall or rehire former employees for state fiscal year 2011. Although said Defendants have applied for funding under the Education Jobs Fund program providing assurances of compliance with the above requirements, they are proceeding to countenance or allow authorize education agencies to illegally receive and divert Education Jobs Funds for rainy-day funds or other purposes specifically prohibited by Public Law 111-226. Plaintiffs seek declaratory and injunctive relief prohibiting the Defendants from using or disbursing any funding under the Jobs Education Fund program for purposes other than retention, hiring or rehiring educational personnel as required by the statute.

Jurisdiction

2.     Jurisdiction for this action lies under 28 U.S.C. § 2201, Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1331 and 1332.

Parties

3.     Alabama Education Association, hereinafter "AEA", is an organization, incorporated under Alabama Law, representing more than 70,000 public school teachers and support personnel employed by the city and county school systems of Alabama. The membership of AEA includes school level teachers and support personnel who are currently being laid off as a result of shortage of revenues, or have been laid off in the past two years on such basis and never recalled to employment.

4. LaRue L. Langford is an adult female citizen of DeKalb County Alabama who was employed as a classroom aide until the 2010-2011 school year when she was laid off because of shortage of revenues. At all times prior to that layoff she was a classroom aide in good standing with the DeKalb County Board of Education, and would have been

2

retained as a classroom aide for the 2010-2011 school year but for shortage of revenues on the part of the DeKalb County Public School System. She remains ready, willing and able to resume her duties as a classroom aide with that school system, but has not been recalled.

5. William A. Bergeron and Genesis N. Gordon are adult citizens of Montgomery County who were employed as classroom teachers until spring, 2010, when they were laid off because of a shortage of revenues. At all times prior to that layoff, they were classroom teachers in good standing with the Montgomery County Board of Education, and would have been retained as classroom teachers for the 2010-2011 school year but for a shortage of revenues on the part of the Montgomery County Public School System. They remain ready, willing and able to resume their duties as classroom teachers with that school system, but have not been recalled.

6. The individual Plaintiffs, Langford, Bergeron and Gordon represent a class of similarly situated teachers and other employees who have been laid off over the past two years from employment providing school-level educational and related services and never recalled. The class which they represent is so numerous that joinder of all members is impracticable; there are questions of law or fact, common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class.

7. Defendant Joseph B. Morton is the duly appointed State Superintendent of Education of Alabama. In that position he has the duty and responsibility of applying for and overseeing the lawful expenditure, distribution and allocation of funding received

from the Federal Government, including Education Jobs Funds awarded pursuant to

Public Law No. 111-226. He is sued in his official capacity.

      8.     Defendant, Bob Riley is the duly elected Governor of Alabama

responsible for applying for and providing assurances relative to receipt and distribution

of funds by the State of Alabama under Public Law No. 111-226, § 101. He is sued in his

official capacity.


<u>Allegations of Fact</u>

      9.     On August 13, 2010, three days after enactment of Public Law No. 111-

226, Defendant Joseph B. Morton sent a memorandum to all Alabama County and City

Superintendents of Education informing them about the Jobs Bill. A copy of that

memorandum is attached to this Complaint. In the memorandum Morton cautioned the

Superintendents "not to take any action on the Jobs Bill Funding unless you are doing so

based on information you receive from my office. There are important procedural steps

that must be in place before funds are obligated, recoded and/or expended." A copy of

that memorandum and its attached Federal Guidelines from the U. S. Department of

Education is attached to this Complaint as Exhibit "A".

      10.    On August 20, 2010 Defendant, Governor Bob Riley executed and

remitted to the U. S. Department of Education an application for funding under the

Education Jobs Fund program wherein he provided eleven specific assurances. A copy of

that application is attached to this Complaint as Exhibit "B". Among the assurances

provided by Governor Riley were: "(1) The State will comply with all applicable

statutes, regulations and its approved Education Jobs Fund (Ed Jobs) application and will

use funds under the program in accordance with those statutes and regulations and its approved application; . . . (4) the State . . . will use all remaining funds to make awards to Local Educational Agencies (LEAs) for the support of elementary and secondary education in accordance with § 101(5) of the Act; . . . (7) The State will not use funds under the Ed Jobs Program, directly or indirectly, to (a) establish, restore or supplement a rainy-day fund; (b) supplant State funds in a manner that has the effect of establishing, restoring or supplementing a rainy-day fund . . .".

11.    The Governor's assurances also provided that "The State will develop and implement a monitoring plan that will enable the State to insure that its LEAs comply with all applicable programmatic and physical requirements." LEAs are local education agencies including all city and county public school boards in Alabama. As described below, the Governor and the other Defendants are now failing and refusing to insure that Alabama's LEAs comply with the programmatic requirements of Public Law 111-226.

12.    Before and after Defendant Governor Riley's issuance of assurances, numerous Local Education Agencies in Alabama including those which employed the individual Plaintiffs have announced their intention, or voted, to expend substantial portions of their share of Jobs Bill funding for purposes other than the retention, hiring or rehiring of educational personnel at the school level for fiscal 2011. For instance, on August 27, 2010 the Board of School Commissioners of Mobile County, Alabama's largest public school system, voted to divert 7.9 million dollars of its projected Jobs Bill funds into a "proration protection fund" to be used for purposes proscribed by Public Law 111-226. The Birmingham City School System and many other school systems around

the State have announced their intentions and taken action to similarly divert Jobs Bill funding for use as a "rainy-day fund" in violation of the statute.

13.     Local Education Agencies, including but not limited to, those in Mobile and Birmingham and those which employed the individual plaintiffs have informed Defendant Joseph B. Morton of their intention to divert Jobs Bill funding away from the mandated hiring of educational personnel in FY-2011 and Morton, through his staff, has communicated to those LEAs that he approves and countenances such diversion of those funds.

14.     Approximately 143 million dollars in Jobs Bill funds have been awarded to the State of Alabama.  As described above, Defendants have approved and are approving the illegal diversion of substantial portions of those Jobs Bill funds away from their mandated purposes.  The Legislative history of Public Law 111-226 establishes the clear purpose of preserving and restoring employment of school level educational personnel and also providing stimulus to the economy of the United States through prompt injection of said funds into payrolls for those employees and related expenses.

15.     The Plaintiffs and the Plaintiff class have an immediate, practical interest in the declaratory and injunctive relief sought and are the primary beneficiaries of Public Law 111-226.  They are threatened with irreparable harm if they are not restored to employment during fiscal 2011 into their teaching and educational support jobs at the school level.

16.     The Plaintiffs have no adequate remedy at law.

Prayer for Relief

WHEREFORE, the above premises considered, Plaintiffs pray that this Court expedite hearing of this matter, certify this action as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure and provide preliminary and permanent declaratory and injunctive relief as follows:

(1) A declaration that all of the Jobs Bill funding must be used for the retention, rehiring or hiring of educational personnel in fiscal 2011 or for the related purposes set out in Public Law 111-226 and the regulations promulgated thereunder and that Defendants are under a duty to assure that no part of this funding is diverted, directly or indirectly into any rainy-day fund at the state or local level; and

(2) Injunctive relief prohibiting Defendants from distributing any Jobs Bill funding to Local Education Agencies without requiring strict compliance by those agencies with the restrictions on this funding including application of the funds only for retention, hiring or rehiring educational personnel at the school level fiscal year 2011; and

(3) Such other and further relief as this Court considers appropriate, the above premises considered.

Respectfully submitted,

J. Cecil Gardner (GARDJ3461)
THE GARDNER FIRM, P.C.
210 S. Washington Avenue
Mobile, Alabama 36602
(251) 433-8100
Fax (251) 433-8181
jcg@thegardnerfirm.com

Sam Heldman (HELDS3794)
THE GARDNER FIRM, P.C.
2805 31st Street, NW
Washington, DC 20008
sam@heldman.net

7

Hank Caddell (CADDH9244)
THIRY & CADDELL, LLP
1911 Government Street
Mobile, Alabama 36606
(251) 478-8880
Fax (251) 478-8885
hhc45@bellsouth.net